# EXHIBIT A

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

*Filed and Attested by the
Office of Judicial Records
27 JUL 2022 09:37 am
E. HAURIN*

**SIMON & SIMON, P.C.**

BY:  Marc I. Simon, Esquire      Christopher Green, Esquire
Joshua A. Rosen, Esquire      Kane Daly, Esquire
Matthew J. Zamites, Esquire    Brittany Sturges, Esquire
Brian F. George, Esquire      Kelly Peterson, Esquire
Andrew Baron, Esquire       Roman Galas, Esquire
Joshua Baer, Esquire        Christopher Burruezo, Esquire
Michael K. Simon, Esquire     Anthony Canale, Esquire
Sam Reznik, Esquire        Sam Gangemi, Esquire
Mary G. McCarthy, Esquire    Blaise Richards, Esquire
Harry Gosnear, Esquire      Abigail Boyd, Esquire
Daniel Ward, Esquire       Ari Sliffman, Esquire

Attorney ID No.'s:          ***Attorneys for Plaintiff***
*201798*

18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

| | | |
|---|---|---|
| Bianca Gonzalez | : | IN THE COURT OF COMMON PLEAS |
| 919 Lawnton Terrace | : | PHILADELPHIA COUNTY |
| Glendon, PA 19036 | : | |
|           Plaintiff | : | July Term 2022 |
|    vs. | : | |
| | : | No. |
| Walmart Stores East, LP | : | |
| 4301 Byberry Rd | : | |
| Philadelphia, PA 19154 | : | |
|           And | : | |
| Aleksandros Mehmetllari | : | |
| 4301 Byberry Rd | : | |
| Philadelphia, PA 19154 | : | |
|           And | : | |
| Walmart Real Estate Business Trust | : | |
| 702 SW 8th St | : | |
| Bentonville, AR 72716 | : | |
|           And | : | |
| Franklin Mills Associates LP | : | |
| 225 W Washington St | : | |
| Indianapolis, IN 46204 | : | |
|           And | : | |
| Kan Am USA Limited LP | : | |

225 W Washington St                          :
Indianapolis, IN 46204                       :
                            And              :
SIMON PROPERTY GROUP, L.P.                    :
225 W Washington St                          :
Indianapolis, IN 46204                       :
                     Defendants      :

Case ID: 220702326

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| **PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE**<br>**One Reading Center**<br>**Philadelphia Pennsylvania 19107**<br>**Telephone: (215) 238-6300** | **ASOCIACIÓN DE LICENCIADOS DE FILADELFIA**<br>**SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL**<br>**One Reading Center**<br>**Filadelfia, Pennsylvania 19107**<br>**Telefono:  (215) 238-6300** |

Case ID: 220702326

## COMPLAINT

1.   Plaintiff, Bianca Gonzalez, is a resident and citizen of the Commonwealth of Pennsylvania, residing at the address set forth in the caption of this Complaint.

2.   Upon information and belief, Defendant, Walmart Stores East, LP, is a business entity in the Commonwealth of Pennsylvania with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 4301 Byberry Rd, Philadelphia, PA 19154.

3.   Defendant, Aleksandros Mehmetllari, was at all times relevant hereto employed by Co-Defendant(s), acting within the scope of her/his agency, as manager of the premises, and was individually, jointly, and/or as agent of Co-Defendant, legally responsible for the care, control and/or safety of the premises located at 4301 Byberry Rd, Philadelphia, PA 19154.

4.   Upon information and belief, Defendant, Walmart Real Estate Business Trust, is a business entity in the State of Arkansas with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 4301 Byberry Rd, Philadelphia, PA 19154.

5.   Upon information and belief, Defendant, Franklin Mills Associates LP, is a business entity in the State of Indiana with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 4301 Byberry Rd, Philadelphia, PA 19154.

6.   Upon information and belief, Defendant, Kan Am USA Limited LP, is a business entity in the State of Indiana with an address listed in the caption of this Complaint and which at all times

material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 4301 Byberry Rd, Philadelphia, PA 19154.

7.   Upon information and belief, Defendant, SIMON PROPERTY GROUP, L.P., is a business entity in the State of Indiana with an address listed in the caption of this Complaint and which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of the property located at 4301 Byberry Rd, Philadelphia, PA 19154.

8.   Defendants named in paragraphs 2 through 7 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

9.   Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

10. At all times material hereto, Defendants were acting individually, jointly and/or by and through his agents, servants, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at 4301 Byberry Rd, Philadelphia, PA 19154, collectively referred to hereinafter as "the premises."

11. On or about February 13, 2021, at approximately 10:00 P.M., Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

12. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

13. On or about February 13, 2021, while on Defendants' premises, Plaintiff was caused to slip and fall on the snow/ice and the dangerous condition in/on/of the parking lot on the premises, causing serious and permanent personal injuries on account of which this action is brought.

14. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the Plaintiff's injuries.

## COUNT I
### Bianca Gonzalez vs Walmart Stores East, LP
### Personal Injury – Negligence

15. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.    Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b.    Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

    c.    Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

    d.    Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

Case ID: 220702326

e.      Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.      Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.      Failing to exercise the proper care, custody and control over the aforesaid premises;

h.      Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.      Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.      Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.      Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.      Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

16. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

17. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

18. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left arm, back, neck and busted head open all to Plaintiff's great loss and detriment.

19. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

20. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

21. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

22. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Bianca Gonzalez, demands judgment in Plaintiff's favor and against Defendant, Walmart Stores East, LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**COUNT II**
**Bianca Gonzalez vs Aleksandros Mehmetllari**
**Personal Injury – Negligence**

23. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a.   Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b.   Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.   Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.   Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.   Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.    Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.    Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.    Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.    Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.    Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

24. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

25. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

26. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left arm, back, neck and busted head open all to Plaintiff's great loss and detriment.

27. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the

Case ID: 220702326

future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

28. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

29. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

30. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Bianca Gonzalez, demands judgment in Plaintiff's favor and against Defendant, Aleksandros Mehmetllari, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT III
**Bianca Gonzalez vs Walmart Real Estate Business Trust**
**Personal Injury – Negligence**

31. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

   a.    Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

Case ID: 220702326

b.      Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.      Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.      Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

e.      Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.      Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.      Failing to exercise the proper care, custody and control over the aforesaid premises;

h.      Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.      Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.      Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.   Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.   Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

32. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

33. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

34. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left arm, back, neck and busted head open all to Plaintiff's great loss and detriment.

35. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

36. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

Case ID: 220702326

37. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

38. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Bianca Gonzalez, demands judgment in Plaintiff's favor and against Defendant, Walmart Real Estate Business Trust, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT IV
**Bianca Gonzalez vs Franklin Mills Associates LP**
**Personal Injury – Negligence**

39. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.    Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b.    Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c.      Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d.      Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

e.      Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.      Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.      Failing to exercise the proper care, custody and control over the aforesaid premises;

h.      Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.      Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.      Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.      Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.       Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

40. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

41. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

42. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left arm, back, neck and busted head open all to Plaintiff's great loss and detriment.

43. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

44. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

45. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

46. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Bianca Gonzalez, demands judgment in Plaintiff's favor and against Defendant, Franklin Mills Associates LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT V
**Bianca Gonzalez vs Kan Am USA Limited LP**
**Personal Injury – Negligence**

47. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a.      Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b.      Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

    c.      Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

    d.      Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

Case ID: 220702326

e.   Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f.   Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g.   Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.   Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.   Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.   Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

48. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

49. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

50. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left arm, back, neck and busted head open all to Plaintiff's great loss and detriment.

51. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

52. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

53. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

54. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Bianca Gonzalez, demands judgment in Plaintiff's favor and against Defendant, Kan Am USA Limited LP, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT VI
### Bianca Gonzalez vs SIMON PROPERTY GROUP, L.P.
### Personal Injury – Negligence

Case ID: 220702326

55. The negligence and/or carelessness of the Defendant, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

a. Failure to design, construct, maintain, and/or repair the parking lot and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

b. Failure to properly monitor, test, inspect or clean the parking lot and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

c. Failure to provide sufficient warning as to the reasonably foreseeable and dangerous nature of the parking lot and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the dangerous area of the parking lot and/or other areas on the premises;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the parking lot and/or other areas on the premises;

f. Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h.   Failure to inspect, maintain and/or repair known and/or unknown conditions; and,

i.   Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j.   Failing to prevent, detect, inspect, cure and/or warn of the presence of snow/ice which the Defendant improperly permitted to exist and remain on the premises;

k.   Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained parking lot, so as to cause unreasonable risk of harm to pedestrians on the premises; and

l.   Failing to properly and adequately maintain the parking lot on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

56. Upon information and belief, Defendant had specific knowledge of an ongoing problem with the parking lot of the premises where Plaintiff fell.

57. The negligence and/or carelessness of the Defendant was the direct and sole cause of the poorly maintained parking lot, on the premises, causing the premises to be unsafe.

58. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, including to the left arm, back, neck and busted head open all to Plaintiff's great loss and detriment.

59. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the

future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

60. As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

61. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

62. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Bianca Gonzalez, demands judgment in Plaintiff's favor and against Defendant, SIMON PROPERTY GROUP, L.P., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY:_____

Marc I. Simon, Esquire
Simon & Simon, P.C.
*Attorney for Plaintiffs*

## <u>VERIFICATION</u>

I, Marc I. Simon, hereby state that I am the attorney for Plaintiff, in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
Marc I. Simon

## <u>VERIFICATION</u>

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

DocuSigned by:

0143FB59D4CF40D...